# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130912

LEWIS MATTHEWS III and DEBORAH
MATTHEWS,
           Plaintiffs-Appellees,

v

REPUBLIC WESTERN INSURANCE
COMPANY,
           Defendant-Appellant,
and

MICHIGAN DEPARTMENT OF STATE,
ASSIGNED CLAIMS FACILITY,
           Defendant.

_____/

SC: 130912
COA: 251333
Wayne CC: 97-717377-NF

On order of the Court, the application for leave to appeal the March 2, 2006 judgment of the Court of Appeals is considered, and it is GRANTED. The parties are directed to include the following among the issues to be briefed:

(1) This State's "wrongful conduct" rule prohibits a plaintiff from maintaining an action "if, in order to establish his action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." *Orzel v Scott Drug Co*, 449 Mich 550, 558 (1995).

      (A) Did the Court of Appeals err when it determined that the causal connection between the plaintiff's injuries and his illegal conduct of driving on a suspended license was too attenuated for application of the "wrongful conduct" rule, or should it be presumed foreseeable that an individual, whose license has been suspended for the reasons here, is not only more likely to become involved in an accident injuring another, but is also himself more likely to become involved in an accident and sustain injury?

      (B) To what extent, in the context of this claim for personal protection insurance benefits under the No Fault Act, MCL 500.3101 *et seq.*, does a statutory exception exist to the "wrongful conduct" rule?

Compare *Orzel*, 449 Mich at 570-572, with *Garwols v Baker's Trust Co*, 251 Mich 420 (1930).

      (C) If a statutory exception exists, is it properly assessed by the standards of the Restatement, Torts, 2d or by the traditional standards of statutory interpretation?

      (D) If a statutory exception exists, is it relevant in the context of this case, in which the plaintiffs' claims are based on plaintiff Lewis Matthews III having sustained, "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle," MCL 500.3105(1), as the term "accidental" is defined in MCL 500.3105(4)? and

      (E) Does a "safety statute" exception to the "wrongful conduct" rule exist, and if so, how is such an exception to be defined?

(2) MCL 500.3102(1) provides that "[a] nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter."

      (A) When the nonresident owner or registrant of a motor vehicle not registered in this state is a motor vehicle rental company, does the prohibition of MCL 500.3102(1) against operating or permitting a motor vehicle to be operated in this state, "for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter" apply?

      (B) If so, does the "calendar year" refer to the 12 months preceding the accidental bodily injury on which a claim for personal protection benefits is based, the calendar year in which the claim arises, the calendar year preceding the year in which the claims arises, to all of the foregoing, or to some other period equal to a calendar year?

The State Bar Negligence Law Section, Michigan Defense Trial Counsel, Inc., Michigan Trial Lawyers Association, and the Automotive Fleet and Leasing Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2007

Clerk

p0109